**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | 02-CV-4990 |
| | : | |
| v. | : | |
| | : | |
| NANCY J. MESSINA, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this        day of January, 2003, upon consideration of the Plaintiff's Motion for Entry of Default Judgment, and it appearing to the Court that Defendant, Nancy J. Messina ("Defendant") was served with process on August 2, 2002, and have inexcusably, knowingly, and willfully failed to appear, plead, or otherwise defend, and default against Defendant having been entered, it is hereby ORDERED as follows:

1.   Judgment is ENTERED against Defendant and in favor of the Plaintiff for $173,668.86 plus interest at the rate of $23.07 per day from December 31, 2001 until the date of any Marshal's sale or other sale of property.

2.   The promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the real property described therein.  In accordance with § 204(1) of the National Housing Act, there is no right of redemption in the mortgagor or any other person.

3. The real property described therein shall be sold accordingly as follows:

(A) The United States Marshal for the Eastern District of Pennsylvania is directed to sell the real property specified in the mortgage between Plaintiff and Defendant for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001 within 180 days of the date of this Order. Notice must be given in accordance with 28 U.S.C. § 2002.

(B) Plaintiff, United States of America or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises.

(C) Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court within thirty (30) days after the date of sale.

4. Upon confirmation of sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant to further Order of this Court.

5. Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of sale.

6. A true and correct copy of this Order shall be delivered to the United States Marshal by the Clerk.

7.    Jurisdiction over this matter is retained for the granting of such orders as the circumstances may require.


BY THE COURT:


_____

J. CURTIS JOYNER, J.